COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 
2-02-310-CR
                                                 2-02-311-CR
 
JAMES SKIP HULSEY                                                             APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant James Skip Hulsey appeals his convictions for the offense of 
aggravated assault with a deadly weapon in each of two cases tried 
concurrently before a jury. Appellant was charged by two indictments with 
assaulting Henry Taylor and Dorothy Wheeless with a crowbar. A jury found 
him guilty of both offenses, and the trial court, after accepting Appellant’s pleas 
of true to allegations concerning two prior felony convictions, assessed his 
punishment at two thirty-year sentences, to be served concurrently. 
        In two points, Appellant complains that the trial court abused its 
discretion in admitting the testimony of Officer Billy Cribbs, who testified about 
statements Taylor and Wheeless made in describing the assaults to him. 
Appellant contends that the statements constituted hearsay and were not 
admissible over his objections, under the excited utterance exception to the 
hearsay rule. 
 

 See Tex. R. Evid. 803(2). At trial, over Appellant’s running 
objection, the court allowed Officer Cribbs to testify that Taylor had told him
that Appellant had assaulted him and Wheeless in their house by swinging a
crowbar at them and by biting him on the nose and had described how
Appellant ran away before the police arrived. Officer Cribbs also testified that
Wheeless had given him the same account of the assaults as Taylor. 
        The trial court’s overruling of an objection to evidence will not result in 
reversal when other such evidence was received without objection, either 
before or after the complained-of ruling. Leday v. State, 983 S.W.2d 713, 718 
(Tex. Crim. App. 1998); Beheler v. State, 3 S.W.3d 182, 187-88 (Tex. 
App.—Fort Worth 1999, pet. ref’d) (holding appellant failed to preserve error 
concerning admission of alleged hearsay testimony by failing to object to the 
admission of other testimony that was substantially the same). This rule 
applies whether the other evidence was introduced by the defendant or the 
State. Leday, 983 S.W.2d at 718. A request for a running objection is timely 
and preserves error as long as it does not encompass too broad a subject 
matter during too broad a time or over different witnesses. Ford v. State, 919 
S.W.2d 107, 113 (Tex. Crim. App. 1996); Sattiewhite v. State, 786 S.W.2d 
271, 283 n.4 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 881 (1990). 
        Here, in addition to Officer Cribbs’s testimony, Wheeless testified that 
Appellant came into her house with a twenty-four inch crowbar, called her a 
“lying bitch,” and told her that he wanted to kill her. She then testified that 
Appellant was swinging the crowbar and that he broke her arm by hitting her 
with it. Wheeless also testified that Taylor, who was in the house, jumped up 
to protect her and began scuffling with Appellant. She testified that she saw 
Appellant biting Taylor on the nose, but she persuaded Appellant to let go of 
Taylor and to chase her. Wheeless testified that when Appellant realized that 
she was calling the police, he “took off and went the other direction.” 
        Taylor also testified that Appellant slammed the door open and came 
inside their trailer home. He testified that Appellant was swinging the crowbar 
at Wheeless’s head, but that she was able to block it with her arms, which 
resulted in her injuries. Taylor also testified that he fought Appellant and 
eventually was able to prevent Appellant from hitting him with the crowbar. 
As a result, Taylor testified that Appellant unsuccessfully attempted to stab him 
with a screwdriver and then broke his nose by biting it and “yank[ing] his 
head.” 
        Appellant did not object to this testimony, which was substantially the 
same as Officer Cribbs’s testimony concerning Taylor and Wheeless’s 
statements. Further, Appellant only requested a running objection with respect 
to the statements Taylor made to Officer Cribbs, and not to those made by 
Wheeless. Therefore, Appellant has waived his right to complain about this 
issue on appeal. We overrule Appellant’s two points, and we affirm the trial 
court’s judgments. 
                                                          PER CURIAM 
 
PANEL F:   GARDNER, J.; CAYCE, C.J.; and DAY, J. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 30, 2003